UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JEAN DUFORT BAPTICHON,

        Plaintiff,                                Hon. Janet T. Neff

v.                                                         Case No. 1:09 CV 562

THOMAS M. COOLEY
LAW SCHOOL, et al.,

        Defendants.
_____/


## REPORT AND RECOMMENDATION

        This matter is before the Court on Thomas M. Cooley Law School Defendants' Motion to Dismiss, (dkt. #22); Motion for Summary Judgment by Defendant The Curi Law Office, (dkt. #32); Motion to Dismiss by Defendant Chase Student Loan Servicing, (dkt. #33); and Defendant Miller Canfield's Motion to Dismiss, (dkt. #36). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that these motions all be **granted** and Plaintiff's action **dismissed**.


## BACKGROUND

        This matter is a continuation of Plaintiff's long-standing battle with Cooley Law School concerning their decision to dismiss Plaintiff for academic deficiencies. Plaintiff began attending Thomas M. Cooley Law School (Cooley) in September 2001. (Dkt. #11 at ¶ 2). On February 4, 2003, Plaintiff was "dismissed" from Cooley due to his poor academic performance. (Dkt. #32, Exhibit A). Plaintiff successfully reapplied to resume his studies at Cooley, but was again dismissed from Cooley

in October 2003, due to his inability to demonstrate satisfactory academic progress. (Dkt. #11 at ¶¶ 21-23). Plaintiff disagreed with this determination.

Unable to resolve the matter to his satisfaction, Plaintiff initiated legal action against Thomas M. Cooley Law School in Ingham County Circuit Court on October 8, 2003, asserting various state law claims, as well as a claim that he had suffered a violation of his Fourteenth Amendment Due Process rights. The matter was removed to this Court on November 27, 2003. *Baptichon v. Thomas M. Cooley Law School*, 5:03-cv-176 (W.D. Mich.). On March 24, 2004, the undersigned issued a Report recommending that Plaintiff's federal law claim be dismissed and his state law claims be remanded to state court. The Honorable Richard Alan Enslen adopted this Report and the matter was remanded to state court. Defendant later moved in the state court for summary disposition, which was granted on November 2, 2004. (Dkt. #22, Exhibit 1). Plaintiff initiated the present action on June 18, 2009, asserting numerous claims against numerous Defendants. Plaintiff submitted an amended complaint on July 27, 2009. Plaintiff's claims against several Defendants have since been dismissed. The remaining Defendants now move for dismissal or summary judgment as to Plaintiff's claims.

## **STANDARD**

Defendants Thomas M. Cooley Law School, Chase Student Loan Servicing, and Miller Canfield bring motions pursuant to Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion tests the legal sufficiency of a complaint by evaluating the facts in a light most favorable to the plaintiff to determine whether the complaint states a valid claim for relief. *See, Bower v. Federal Exp. Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). To sustain a motion pursuant to Rule 12(b)(6) it requires the movant to demonstrate that it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that

would entitle him or her to relief. In addition, the Supreme Court has stated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) that a motion to dismiss will be denied only where the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." 550 U.S. at 545. As explained subsequently in *Ashcroft v. Iqbal*, ____ U.S. ____, 129 S.Ct. 1937, 1949 (2009):

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). *(Twombly citations omitted.)*

The Curi Law Office has moved for summary disposition. Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which

a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party has met its burden of production, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324). While the Court must view the evidence in the light most favorable to the nonmoving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

## ANALYSIS

I.      **Thomas M. Cooley Law School Defendants' Motion to Dismiss**

Plaintiff has sued Thomas M. Cooley Law School (Cooley), as well as the following individuals employed by Cooley: (1) Ieva Inglis, (2) M. Ann Miller (n/k/a/ Ann Wood), (3) Sherida Wysocki, (4) Elliot Glicksman, (5) Nora Pasman-Green, and (6) Randall Tahvonen. With respect to these Defendants, Plaintiff asserts in his Amended Complaint several claims, each of which is addressed below.

A.      Count I

Plaintiff asserts that Defendant Wysocki illegally disclosed his "school records information to a third party without [his] written consent and authorization." (Dkt. #11 at ¶ 32). Plaintiff asserts that had Defendant not so acted he "would have probably been hired, would have probably applied for, taken and surely passed the New York State bar Exam and been employed in the legal field as a licensed attorney." (Dkt. #11 at ¶ 33). Plaintiff asserts that Defendant's conduct violates his constitutional right to due process of law. This claim is without merit. As the Honorable Robert Holmes Bell concluded, when faced with an identical claim asserted by another Cooley student:

> The Due Process Clause of the Fourteenth Amendment is applicable only to the acts of the states, and not to acts of private persons or entities. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982). The Thomas M. Cooley School of Law is a private corporation. The acts of private parties and corporations can be considered to be "state action" for purposes of the Fourteenth Amendment if, and only if, there is such a

> close nexus between the state and the challenged action that seemingly private behavior may be fairly treated as that of the state itself. *See Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). Plaintiff has not submitted any evidence to establish such a nexus between the activities of Cooley Law School and the state under any theory recognized by the Supreme Court or the Sixth Circuit. Plaintiff's argument that the law school should be considered a state actor because it trains lawyers who are ultimately certified for practice of law by the state is utterly frivolous. Plaintiff's claims under the Fourteenth Amendment therefore fail for want of state action.

*Trznadel v. Thomas M. Cooley Law School*, 5:02-cv-76, dkt. #45 at 16 (W.D. Mich.).

Plaintiff has likewise presented no evidence establishing a nexus between the activities of Cooley (or the Defendants sued herein) and the state. Accordingly, the Court recommends that Defendant Wysocki's motion to dismiss this claim be granted.

### B. Count II

Plaintiff also asserts that Defendant Wysocki's actions (described in the preceding section) violated the Family Educational Rights and Privacy Act (FERPA), as well as his constitutional "liberty interests" to "contract" and "pursue employment." (Dkt. #11 at ¶¶ 34-35).

As Defendant correctly notes, the Supreme Court has held that FERPA creates no individual right of action. *See Gonzaga v. Doe*, 536 U.S. 273, 276-90 (2002) ("FERPA's nondisclosure provisions fail to confer enforceable rights"). The undersigned recommends, therefore, that Defendant Wysocki's motion to dismiss this claim be granted.

As for Plaintiff's claim that Defendant Wysocki violated his "liberty interests" to "contract" and "pursue employment," the undersigned reaches the same conclusion. Plaintiff brings this action pursuant to 42 U.S.C. § 1983. As is well recognized, the "ultimate issue in determining whether a private party is subject to suit under § 1983 is whether the alleged infringement of federal rights is

fairly attributable to the State." *Campbell v. PMI Food Equipment Group, Inc.*, 509 F.3d 776, 783-84 (6th Cir. 2007) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)). Accordingly, the undersigned recommends that Defendant Wysocki's motion to dismiss this claim be granted.

C. Count III

Plaintiff asserts that after filing his previous action in state court, a preliminary injunction was entered pursuant to which he was permitted to resume his studies at Cooley. (Dkt. #11 at ¶ 36). Plaintiff asserts that after resuming his studies, "Defendant Law School, acting under color of state law retaliated against the student Plaintiff pro se by again arbitrarily and selectively dismissing the student." (Dkt. #11 at ¶ 36). Plaintiff asserts that this alleged retaliation occurred "while his 'Complaint' against the Defendant Law School was still pending in the Ingham County Court." (Dkt. #11 at ¶ 36). Plaintiff asserts that Cooley retaliated against him because it "knew" that if Plaintiff "successfully passe[d] his exams, the Defendant Law School was likely, without a doubt, to lose the case pending against it." (Dkt. #11 at ¶ 37). Plaintiff's claim fails for at least two reasons.

First, as previously discussed, Cooley is a private corporation not a state actor. Second, as Defendants correctly assert, this claim is barred by res judicata, as Plaintiff could have asserted this claim in his previous state court action. *See Rawe v. Liberty Mutual Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006); *Buck v. Thomas Cooley Law School*, 615 F.Supp.2d 632, 636-39 (W.D. Mich. 2009). Accordingly, the undersigned recommends that this claim be dismissed.

D.  Count IV

Plaintiff asserts numerous claims in Count IV of his Amended Complaint. Plaintiff asserts that following his dismissal from Cooley, he was conditionally accepted to the University of Northern California School of Law (UNC), subject to receipt of his official Cooley transcripts. (Dkt. #11 at ¶ 40). Plaintiff asserts that he requested that Cooley send his transcripts to UNC and that he paid the fee for such. (Dkt. #11 at ¶ 40). Nevertheless, Cooley allegedly failed to send his transcripts to UNC, thus "preventing him from continuing and interfering with, his legal education elsewhere." (Dkt. #11 at ¶ 40). Plaintiff asserts that this conduct "constitutes a gross misrepresentation by omission and fraud by the Defendant Law School." (Dkt. #11 at ¶ 40). Plaintiff asserts that the failure to send his transcripts to UNC constitutes embezzlement, as well as a violation of his due process rights to pursue his education and employment. (Dkt. #11 at ¶ 42).

Plaintiff also asserts that Cooley inaccurately calculated his grades prior to his final dismissal from Cooley which constitutes "a deliberately gross misrepresentation by the Defendant Law School." (Dkt. #11 at ¶ 41). Finally, Plaintiff asserts that while he was a student at Cooley he performed "external legal works in New York Federal Court." (Dkt. #11 at ¶ 43). Plaintiff asserts that this experience should have counted toward his externship requirement, but that Defendant Miller failed to inform him "that all externships must be approved before a student begins external legal work for credits." (Dkt. #11 at ¶ 43). Plaintiff asserts that Defendant Miller "defrauded him by [subsequently] denying his request for externship credits, which he earned although by unofficially participating in litigation in the federal court in New York." (Dkt. #11 at ¶ 43).

1. Misrepresentation and Fraud

Plaintiff asserts that Cooley's failure to forward a copy of his transcript to UNC constitutes fraud and misrepresentation. Under Michigan law, the elements of fraud or misrepresentation are as follows: (1) the defendant made a material representation; (2) the representation was false; (3) at the time the defendant made the representation the defendant knew it was false, or made it recklessly, without any knowledge of its truth; (4) the defendant made the representation with the intention that it should be acted upon by the plaintiff; (5) the plaintiff acted in reliance on the representation; and (6) the plaintiff suffered an injury as a result. *See Cadle Co. II, Inc. v. Lakeside Machine, Inc.*, 2009 WL 3401151 at *9-10 (Mich. Ct. App., Oct. 22, 2009) (citations omitted). Furthermore, Plaintiff "must state with particularity" the circumstances constituting the alleged fraud. *United States ex rel. Poteet v. Medtronic, Inc.*, 552 F.3d 503, 518 (6th Cir. 2009) (citing Fed. R. Civ. P. 9(b)). Specifically, Plaintiff must allege "the time, place, and content of the alleged misrepresentation on which [he] relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Id.*

Plaintiff's pleadings fall woefully short of this standard. Plaintiff has not alleged that Cooley made any representation to him concerning this matter. Plaintiff has not alleged that such representation was false. Plaintiff has not alleged that Cooley knew the representation was false or that Cooley made the representation recklessly, with disregard for its truth. Plaintiff has not alleged that Cooley made any representation with the intention that Plaintiff should act in reliance thereon. Plaintiff has not alleged that he acted in reliance on any such representation. Finally, Plaintiff has not alleged that he suffered any injury as a result of any such representation. Accordingly, the undersigned

recommends that Defendant's motion to dismiss Plaintiff's claim for fraud and misrepresentation be granted.

### 2. Embezzlement

Plaintiff asserts that he requested that Cooley send his transcripts to UNC and that he paid the fee for such. Plaintiff alleges that Cooley failed to comply with his request and that such constitutes embezzlement of the relevant fee. To be timely this particular claim must be asserted within three years. *See* Mich. Comp. Laws § 600.5805(10). Plaintiff asserts that he paid the fee "on or about April of 2006." (Dkt. #11 at ¶ 17). Plaintiff initiated the present action more than three years later. The undersigned, therefore, recommends that this claim be dismissed as time barred.

### 3. Due Process

As previously discussed, Plaintiff's due process claims against Cooley are not cognizable. Accordingly, the undersigned recommends that Plaintiff's claim that Cooley's failure to send his transcripts to UNC violated his due process rights be dismissed.

### 4. Grade Calculation and Externship Credit

Plaintiff's claims concerning the calculation of his grades and determination of whether he was entitled to externship credit for work he alleged performed in New York could have been asserted in Plaintiff's previous state law action. Accordingly, the undersigned recommends that these claims be dismissed on res judicata grounds.

### E. Count V

As discussed above, Plaintiff was readmitted after his initial academic dismissal. Plaintiff was subsequently dismissed for failure to demonstrate sufficient academic progress. Plaintiff asserts that his second academic dismissal was based upon a miscalculation of his grades. Plaintiff asserts that by dismissing him from school, based upon improperly calculated grades, Cooley violated his due process rights and also violated "the express and implied contracts between the Defendant Law School and the Plaintiff pro se." (Dkt. #11 at ¶¶ 47-51). Plaintiff asserted this same breach of contract claim in his previous state court action. Accordingly, the undersigned recommends that these claims be dismissed on res judicata grounds.

### F. Count VI

Plaintiff asserts that Cooley failed to inform him that he would be obligated to repay the full amount of his student loans even if he "does not complete the program, is unable to obtain employment upon completion, or is otherwise dissatisfied with" his education. (Dkt. #11 at ¶ 52). Plaintiff asserts that this failure violates the Michigan Consumer Protection Act (MCPA). (Dkt. #11 at ¶¶ 52-59).

Plaintiff brought similar claims of violation of the MCPA in the previous state court action. In granting Cooley's motion for summary disposition in that case, the Honorable Paula J.M. Manderfield found that the MCPA does not apply to goods or services purchased for a business or commercial purpose. (Dkt. #22, Exhibit 1). Finding that Plaintiff attended Cooley (i.e., purchased its services) so that he could obtain work and start his own business, Judge Manderfield granted summary

disposition to Cooley on such claims. (Dkt. #22, Exhibit 1). For the same reasons, the undersigned recommends that Cooley's motion to dismiss be granted as to this claim.

### G.     Count VII

Plaintiff asserts that Cooley "dismissed the Plaintiff pro se student without ever providing the Plaintiff pro se with the opportunity to be heard." (Dkt. #11 at ¶ 61). Plaintiff argues that "to avoid injustice, this Court must specifically enforce the Defendant Law School's promises to the Plaintiff pro se." (Dkt. #11 at ¶ 62). Specifically, Plaintiff requests that the Court order Cooley to reinstate Plaintiff. Plaintiff further requests that the Court order Cooley to pay Plaintiff's tuition and other costs and "waive all final exams taking and grading for the Plaintiff pro se and to compensate him for all damages suffered. . .in excess of $20,000,000." (Dkt. #11 at ¶ 63). Plaintiff's claim that he was improperly dismissed from Cooley could have been brought in the previous state court action. Accordingly, the undersigned recommends that Cooley's motion to dismiss be granted on res judicata grounds.

## II.     **Motion for Summary Judgment by Defendant The Curi Law Office**

The Curi Law Office, P.L.L.C. represented Plaintiff in his previous state court action against Cooley. As previously noted, Plaintiff asserts that after initiating his initial state court action, a preliminary injunction was entered pursuant to which he was permitted to resume his studies at Cooley. Plaintiff alleges that because his attorney failed to secure enforcement of this injunction, he suffered retaliation. Plaintiff alleges that his attorney's failure in this regard constitutes malpractice. (Dkt. #11 at ¶ J). Defendant The Curi Law Office moves for summary judgment on the ground that Plaintiff's claim is time barred. The Court agrees.

The limitation period for a legal malpractice claim is two years from the date the claim accrues. Mich. Comp. Laws § 600.5805(6). With respect to when a claim of legal malpractice accrues, Michigan law provides as follows:

> (1) Except as otherwise provided in section 5838a, a claim based on the malpractice of a person who is, or holds himself or herself out to be, a member of a state licensed profession accrues at the time that person discontinues serving the plaintiff in a professional or pseudoprofessional capacity as to the matters out of which the claim for malpractice arose, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim.
>
> (2) Except as otherwise provided in section 5838a, an action involving a claim based on malpractice may be commenced at any time within the applicable period prescribed in sections 5805 or 5851 to 5856, or within 6 months after the plaintiff discovers or should have discovered the existence of the claim, whichever is later. The burden of proving that the plaintiff neither discovered nor should have discovered the existence of the claim at least 6 months before the expiration of the period otherwise applicable to the claim shall be on the plaintiff. A malpractice action which is not commenced within the time prescribed by this subsection is barred.

Mich. Comp. Laws § 600.5838.

Defendant asserts that it rendered its last services to Plaintiff on December 14, 2004, when it submitted Plaintiff's objections to Cooley's bill of costs in the state court action. (Dkt. #32, Exhibit B). Defendant asserts, in the alternative, that its legal services to Plaintiff concluded on February 26, 2005, when it mailed to Plaintiff a letter informing him that its representation was completed. (Dkt. #32, Exhibit F). Because Plaintiff's objections to Cooley's bill of costs does not appear to be dated, the Court finds that Defendant's representation of Plaintiff ended on February 26, 2005.

Plaintiff's malpractice claim is premised on his counsel's alleged failure to prevent the retaliation which Plaintiff allegedly suffered as a result of initiating his state court action. As previously

noted, Plaintiff asserts that this alleged retaliation occurred "while his 'Complaint' against the Defendant Law School was still pending in the Ingham County Court." Thus, Plaintiff's malpractice claim accrued on February 26, 2005. As a result, Plaintiff's present claim of malpractice asserted on June 18, 2009, is time barred. Accordingly, the undersigned recommends that Defendant's motion for summary judgment be granted.

In response to Defendant's motion, Plaintiff asserts that his malpractice claim "does not only revolve around Curi's alleged failure to enforce the injunction and prevent Cooley's professors from 'mistreating' him in the classroom," but also "revolves around the fact that defendant Curi. . .failing to object to the magistrate's report and recommendation to dismiss a federal claim. . .and his failure to advise or inform the plaintiff pro se of same." First, Plaintiff's amended complaint contains no such allegations. Furthermore, Defendant has submitted evidence that he informed Plaintiff, in a letter dated March 29, 2004, of the decision not to object to the report and recommendation in question. (Dkt. #58, Exhibit G). Plaintiff was aware of the decision not to object to the report and recommendation long before his malpractice claim arose. At the hearing on this motion, Plaintiff claimed he never received his attorney's March 29, 2004 letter. However, he was clearly aware that his case had been remanded to state court pursuant to the report and recommendation. Thus, Plaintiff's allegation that he never received his attorney's letter does not preserve his claim. Such does not, therefore, alter the undersigned's recommendation as to this claim.

**III.        Motion to Dismiss by Defendant Chase Student Loan Servicing**

In his Amended Complaint, Plaintiff has identified Chase Student Loan Servicing, L.L.C. (Chase) as a Defendant in this matter. However, Plaintiff asserts no allegations of wrongdoing against

Chase, but instead asserts that Chase is liable under the doctrine of respondeat superior for the alleged wrongful acts of Cooley. Chase now moves for dismissal of Plaintiff's claims. Plaintiff has failed to respond to Chase's motion.

Plaintiff has failed to allege facts from which a reasonable juror could find respondeat superior liability in this matter. *See Rogers v. J.B. Hunt Transport, Inc.*, 649 N.W.2d 23, 26 (Mich. 2002). Accordingly, the undersigned recommends that Chase's motion to dismiss be granted.

### IV.     Defendant Miller Canfield's Motion to Dismiss

In his Amended Complaint, Plaintiff has identified the Miller Canfield law firm as a Defendant in this matter. Miller Canfield represented Cooley in the previous state court action. Plaintiff makes no factual allegations against Miller Canfield, but instead advances the vague claim that Miller Canfield was "responsible for ensuring that they and the Defendant Law School and its officials act in conformity" with the law. (Dkt. #11 at ¶ 14). Miller Canfield moves to dismiss Plaintiff's claims. Plaintiff has failed to respond to this motion. As Defendant correctly asserts, Plaintiff's claim must be dismissed because he has failed to allege any facts that would entitle him to relief. *See* Fed. R. Civ. P. 12(b)(6). The undersigned, therefore, recommends that Miller Canfield's motion to dismiss be **granted**.

### CONCLUSION

For the reasons articulated herein, the undersigned recommends that Thomas M. Cooley Law School Defendants' Motion to Dismiss, (dkt. #22), be **granted**; Motion for Summary Judgment by Defendant The Curi Law Office, (dkt. #32), be **granted**; Motion to Dismiss by Defendant Chase

Student Loan Servicing, (dkt. #33), be **granted**; Defendant Miller Canfield's Motion to Dismiss, (dkt. #36), be **granted**; and Plaintiff's action **dismissed**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,


Date: November 24, 2009                  /s/ Ellen S. Carmody
                                         ELLEN S. CARMODY
                                         United States Magistrate Judge